**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dena Pope, | CV 11-02050-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Aegis Wholesale Corp.; U.S. Bank NA, solely as trustee for the Certificate Holders of Maiden Lane Trust, Asset-Backed Securities 1, Series 2007; Nationstar Mortgage LLC; BlackRock Financial Management Inc.; Federal Reserve Bank of New York, | |
| Defendants. | |

The court has before it plaintiff's motion to vacate order of dismissal and permit filing of plaintiff's response to motion to dismiss (doc. 8), defendants U.S. Bank, Nationstar Mortgage, BlackRock Financial Management, and the Federal Reserve Bank of New York's ("defendants") response (doc. 9), and plaintiff's reply (doc. 13).[1]

Plaintiff's complaint challenges defendants' authority to proceed with a trustee's sale on her property. Defendants filed a motion to dismiss arguing that the action should be

---

[1] Defendant Aegis Corporation has not yet appeared.

dismissed both because it violated Rule 8(a), Fed. R. Civ. P. and because it failed to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Plaintiff's response was due on November 14, 2011, but plaintiff failed to respond. On November 17, 2011 we summarily granted defendants' motion to dismiss pursuant to LRCiv 7.2(i) (doc. 6). We also noted that the forty-five page complaint violated Rule 8(a), Fed. R. Civ. P. In accordance with our order, the Clerk entered judgment (doc. 7).

Plaintiff moves that our order of dismissal and the Clerk's judgment be vacated, and asks to file her response to the motion to dismiss. Plaintiff states that on November 14, 2011 (the date the response was due), she obtained an oral stipulation from defendants' counsel that extended the time to file a response until November 28, 2011. However, due to staff turnover in plaintiff's counsel's office, the filing of the stipulation "fell through the cracks." Mot. to Vacate at 2. Defendants acknowledge agreeing to the extension of time. However, they oppose the motion to vacate, stating that plaintiff has not established any ground for relief set forth in Rule 60, Fed. R. Civ. P. for setting aside a judgment. Defendants argue that it was plaintiff's responsibility to inform the court of the stipulated extension of time, and failure to do so does not justify relief under this rule. Even if we set aside the judgment, defendants argue that plaintiff should not be permitted to file her proposed response because we already determined that the complaint violates Rule 8(a), Fed. R. Civ. P. and should at least be dismissed on that basis.

Rule 60(b), Fed. R. Civ. P. permits us to set aside a final judgment or order for reasons including "mistake, inadvertence, surprise, or excusable neglect." Id. 60(b)(1). Excusable neglect encompasses negligence by lawyers. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000). To determine whether inadvertence constitutes excusable neglect, we apply the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223-24. Although plaintiff does not discuss these factors, she provides relevant evidence. She notes that she obtained a stipulation from defendants to extend her response time. Her counsel dictated a stipulation to counsel's staff,

- 2 -

1  but this was not electronically filed due to staff turnover. We note the length of delay here
2  is minimal. Plaintiff filed the instant motion eleven days after the entry of judgment, and this
3  action was at its infancy when it was dismissed: no scheduling order had even been set.
4  Defendants have not argued that are prejudiced by the filing of this motion. The reason for
5  plaintiff's failure to respond is not strong. Plaintiff's counsel should have more closely
6  monitored his staff to ensure that the stipulation was filed, particularly since it was obtained
7  the same day his client's response to the motion to dismiss was due. But here, as in Bateman,
8  "there is no evidence that he acted with anything less than good faith." Id. at 1225.
9  Plaintiff's counsel sought and secured a stipulated extension of time from defendants'
10 counsel. His errors in filing the stipulation "resulted from negligence and carelessness, not
11 from deviousness or willfulness." Id. We conclude that there is excusable neglect justifying
12 plaintiff's relief from judgment under Rule 60(b), Fed. R. Civ. P.

13       Our order of dismissal stated that plaintiff's complaint as filed violates Rule 8(a), Fed.
14 R. Civ. P. Plaintiff's proposed response to the motion to dismiss does not alter this
15 assessment. Accordingly, it would be futile to permit plaintiff to file her response. We think
16 the better course of action is to provide plaintiff with the opportunity to file an amended
17 complaint in compliance with Rule 8(a).

18       **IT IS THEREFORE ORDERED GRANTING IN PART AND DENYING IN**
19 **PART** plaintiff's motion to vacate judgment and permit filing of plaintiff's response to the
20 motion to dismiss (doc. 8).

21       **IT IS ORDERED DENYING** plaintiff's motion to permit filing of her response to
22 the motion to dismiss.

23       **IT IS ORDERED GRANTING** plaintiff's motion to vacate judgment (doc. 8). The
24 Clerk's judgment (doc. 7) is **VACATED**. Our November 17, 2011 order dismissing this
25 action (doc. 6) is **AMENDED** to reflect that the action is dismissed without prejudice.

26

27       Plaintiff shall have up to and including thirty (30) days from the date this order is
28 entered to file an amended complaint that complies with Rule 8(a), Fed. R. Civ. P. If she

1 fails to timely file an amended complaint, the Clerk shall enter judgment of dismissal.

2     DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -