**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dena Pope, | CV 11-02050-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Bank NA, solely as trustee for the Holders of Maiden Lane Asset Backed Securities I Trust 2008-1; Nationstar Mortgage LLC; BlackRock Financial Management Inc.; Federal Reserve Bank of New York; Mortgage Electronic Registration Systems Inc.; | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 20), plaintiff's response (doc. 26), and defendants' reply (doc. 30). In addition, we have plaintiff's motion for an order requiring the defendants to divulge or clarify the name of the current successor lender along with the name of the current loan servicer so that the plaintiff can take appropriate action to join such entities as defendants if warranted under Rule 19, Fed. R. Civ. P. (doc. 25), defendants' response (doc. 29), plaintiff's supplement to her motion for clarification (doc. 31), and plaintiff's reply (doc. 32).

**I**

In June 2007, plaintiff executed a Note to borrow $419,000 from Aegis Wholesale

1  Corporation ("Aegis") to purchase a home in Scottsdale, Arizona. The loan was secured by
2  a Deed of Trust, listing Aegis as lender and Transnation Title as trustee, and stating that
3  "MERS is the beneficiary under this Security Instrument." Compl., ex. A at 1. Plaintiff
4  received a letter dated August 25, 2010 from Nationstar Mortgage LLC, the loan servicer,
5  asserting that she was in default on her loan and that she had "the right to 'cure' or reinstate
6  the loan after acceleration and the right to assert in the foreclosure proceeding the non-
7  existence of a default or any other defense [she] may have to acceleration and sale." Compl.,
8  ex. G.

9      Mortgage Electronic Registration Systems ("MERS"), acting as nominee for Aegis,
10 executed an Assignment of the Deed of Trust to U.S. Bank NA, as trustee for the holders of
11 Maiden Lane Asset Backed Securities I Trust 2008-1 ("U.S. Bank") in May 2011. Compl.,
12 ex. B. U.S. Bank executed a Substitution of Trustee later that month naming Quality Loan
13 Service Corporation ("Quality Loan") as new trustee. Compl., ex. C. A Notice of Trustee's
14 Sale was executed by Quality Loan on June 9, 2011. The notice identified U.S. Bank as the
15 beneficiary of the Deed of Trust. Compl., ex. D.[1]

16     Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa
17 County on September 9, 2011. Defendants removed. We granted defendants' original
18 motion to dismiss for plaintiff's failure to respond and for violating Rule 8(a), Fed. R. Civ.
19 P. (doc. 6). We then granted in part plaintiff's motion to vacate judgment, which provided
20 plaintiff with the opportunity to file an amended complaint (doc. 15). Plaintiff filed an
21 amended complaint asserting seven counts: (1) lack of standing and lack of authority of
22 MERS or U.S. Bank to non-judicially foreclose or act as beneficiary; (2) U.S. Bank's failure
23 to provide a Lost Note Affidavit pursuant to A.R.S. § 47-3309; (3) MERS' lack of authority
24 to designate itself as the beneficiary of the Deed of Trust; (4) MERS' inability to transfer
25 Aegis's beneficial interest in the Note; (5) U.S. Bank not being the true beneficiary, its

---

[1] We may consider these documents on a motion to dismiss because they are referenced in and attached to the complaint, and constitute "evidence on which the complaint 'necessarily relies.'" Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

- 2 -

unlawful appointment of Quality Loan as successor trustee; (6) A.R.S. § 33-811(C) no bar to plaintiff's assertion of defenses and objections to the sale of her property; and (7) fraud, intentional misrepresentation, breach of contract, and failure to follow the notification requirements listed in ¶ 22 of the Deed of Trust (doc. 24).

On April 3, 2012, plaintiff moved for an order requiring defendants to divulge the name and address of her current loan servicer and successor lender. Plaintiff attached to the motion two letters dated March 6, 2012. The first is from Nationstar, and states that as of April 1, 2012, non-party Selene Finance would become plaintiff's new loan servicer. Mot. to Divulge, ex. A. The next letter is from non-party CPCA Trust I ("CPCA Trust"). It states that the "ownership of [plaintiff's] mortgage loan has been acquired by CPCA Trust I" with an effective date of February 28, 2012. Mot. to Divulge, ex. B.[2] Quality Loan cancelled the Trustee's Sale on April 10, 2012. Reply to Mot. to Dismiss, ex. 1.[3]

**II**

Defendants argue in their reply to the motion to dismiss that because the Trustee's Sale has been cancelled and plaintiff's loan and servicing rights have been transferred, this action is moot. The cancellation of this Trustee's Sale does not independently moot the entire action, which challenges defendants' right to non-judicially foreclose. Neither party has argued that plaintiff is no longer in default. Under the terms of the Deed of Trust, a new Trustee's Sale could be noticed.

Neither do the transfers of interest from U.S. Bank to CPCA Trust and from Nationstar to Selene require plaintiff to start over by filing a new action. To the contrary, the Federal Rules of Civil Procedure contemplate transfers of interest during litigation. An

---

[2] Plaintiff referenced the letters when responding to the motion to dismiss. Because plaintiff's complaint "necessarily relies" on the identity of the Deed of Trust's owner and the authenticity of the letters has not been questioned by defendants, we may also take judicial notice of these documents. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

[3] We may consider publically recorded documents on a motion to dismiss. See Lee, 250 F.3d at 688-89.

1 action may be continued against the original party after a transfer of interests "unless the
2 court, on motion, orders the transferee to be substituted in the action or joined with the
3 original party." Fed. R. Civ. P. 25(c); see also Hilbrands v. Far East Trading Co., Inc., 509
4 F.2d 1321, 1323 (9th Cir. 1975) (under Rule 25(c) "the original party continues the action
5 unless the new party in interest is substituted on motion"). This includes instances in which
6 loan ownership changes during litigation. See Burka v. Aetna Life Ins. Co., 87 F.3d 478, 484
7 (D.C. Cir. 1996) (purchaser of mortgage properly added as a defendant under Rule 25(c),
8 Fed. R. Civ. P. in foreclosure action); Salazar v. Trustee Corps, 08-CV-2142-IEG (NLS),
9 2009 WL 690185, at *2 (S.D. Cal. Mar. 12, 2009) (substituting FDIC for insolvent defendant
10 bank under Rule 25(c) in action alleging that bank lacked right to foreclose).

11 Here, defendants have not filed a motion to substitute CPCA Trust and Selene. Even
12 if we construe plaintiff's motion for clarification as a motion to substitute, we would not grant
13 it, as motions to substitute must be served on the non-party subjects of the motion. Fed. R.
14 Civ. P. 25(c). There is no indication that CPCA Trust and Selene were served with plaintiff's
15 motion for clarification. Accordingly, because a motion for substitution or joinder has not
16 been filed, this action continues against the original parties. See id.; Hilbrands, 509 F.2d at
17 1323.

### III

19 Defendants argue that the Federal Reserve Bank of New York, BlackRock Financial
20 Management, and MERS should be dismissed because the complaint does not allege any
21 claims against them. Counts one, three, four, and six of the complaint are asserted against
22 MERS. Neither BlackRock nor the Federal Reserve Bank, however, are mentioned in any
23 of the complaint's seven counts. Accordingly, plaintiff has not stated a plausible claim
24 against these two defendants and we dismiss the complaint against them.

### IV

26 In count one, plaintiff alleges that there is an unexplained gap in the recorded chain
27 of title of the Deed of Trust and the chain of title of the Note between 2007 and the
28 assignment of the Deed of Trust to U.S. Bank in 2011. Plaintiff asks for a declaratory

- 4 -

judgment that U.S. Bank lacks standing to non-judicially foreclose because it is not in chain of custody of the Note. Plaintiff argues that a successor lender must provide proof of the assignment of a Deed of Trust along with proof of transfer of the original Note before proceeding with a non-judicial foreclosure. This argument is a variation of the "show me the note" theory, which has been rejected both in this District and by the Arizona Court of Appeals. See, e.g., Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (presentation of the original Note not required to conduct a non-judicial foreclosure in Arizona); Hogan v. Washington Mut. Bank, N.A., 227 Ariz. 561, 564, 261 P.3d 445, 448 (Ct. App. 2011) (same).[4]

**V**

In count two, plaintiff alleges that U.S. Bank lacks standing to foreclose because it has neither produced the original Note nor provided the Lost Note Affidavit pursuant to A.R.S. § 47-3309. Again, the presentation of the original Note is not required to proceed with a non-judicial foreclosure of the Deed of Trust. See Diessner, 618 F. Supp. 2d at 1187; Hogan, 227 Ariz. at 564, 261 P.3d at 448. Because defendants do not need to produce the original Note, and the Deed of Trust is not a negotiable instrument, a Lost Note Affidavit is not required. O'Shea v. OneWest Bank, FSB, CV-11-08102-PCT-DGC, 2012 WL 1520177, at *4 (D. Ariz. Apr. 30, 2012); Pfaff v. Bank of America NA, CV-12-00479-PHX-FJM, 2012 WL 1520170, at *2 (D. Ariz. Apr. 30, 2012).

**VI**

Plaintiff alleges in count three that MERS is not the true beneficiary under the Deed of Trust, and therefore lacked power to assign the Deed of Trust to U.S. Bank. She claims that she "most certainly never knowingly permitted MERS" to transfer Aegis's interest. Compl. ¶ 36. But that is precisely what she did by signing the Deed of Trust, which states that "MERS. . . is acting solely as a nominee for Lender and Lender's successors and

---

[4] Plaintiff argues that reliance on Hogan is misplaced because the Arizona Supreme Court granted review. The Arizona Supreme Court, however, has not yet ruled.

- 5 -

1 assigns," and that "MERS is the beneficiary under this Security Instrument." Compl., ex. A
2 at 1. And plaintiff agreed that "MERS (as nominee for Lender and Lender's successors and
3 assigns) has the right" to "exercise any or all of [Lender's] interests, including. . . the right
4 to foreclose and sell the Property; and to take any action required of Lender." Compl., ex.
5 A at 3. By signing the Deed of Trust, plaintiff expressly agreed to MERS' role as
6 beneficiary. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir.
7 2011) ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice
8 of the contents," including MERS' role as beneficiary). Plaintiff fails to state a plausible
9 claim in count three.

**VII**

11 Count four repeats plaintiff's allegations that U.S. Bank lacks standing to foreclose
12 and MERS could not assign the Deed of Trust to U.S. Bank, this time alleging violations of
13 the Uniform Commercial Code ("UCC") in the transfer of the Note from Aegis to U.S. Bank.
14 Plaintiff alleges, however, that defendants are pursuing a non-judicial foreclosure pursuant
15 to the Deed of Trust, not the underlying Note. Accordingly, the transfer of the Note is not
16 relevant. See Hogan, 227 Ariz. at 564-65, 261 P.3d at 448-49 (plaintiff's "focus on the note
17 is misplaced" because defendant "seeks to conduct a sale pursuant to the deed of trust,"
18 which is "not itself a negotiable instrument" under the UCC).

**VIII**

20 Plaintiff alleges in count five that U.S. Bank is not the beneficiary and could not
21 appoint Quality Loan as successor trustee because defendants have not proven that MERS
22 had a beneficial interest to assign to U.S. Bank. But as discussed above, plaintiff expressly
23 agreed when signing the Deed of Trust that MERS was the beneficiary and nominee for
24 lender and its successors and assigns. See Cervantes, 656 F.3d at 1042. It assigned the Deed
25 of Trust to U.S. Bank as nominee for Aegis. And the Deed of Trust states that a lender may
26 appoint a successor trustee "for any reason or cause." Compl., ex. A at 11. Count five is
27 dismissed.

**IX**

1  In count six, plaintiff alleges that she has the right to assert defenses and objections
2  to the Trustee's Sale under A.R.S. § 33-811(C). She seeks a declaratory judgment that she
3  will not waive defenses and objections to the sale. This claim rests on two contingent future
4  events that might not occur: (1) the Trustee's Sale and (2) plaintiff's failure to secure timely
5  injunctive relief as required by A.R.S. § 33-811(C). Indeed, the Trustee's Sale has already
6  been cancelled. Plaintiff's claim is not yet ripe. See Bova v. City of Medford, 564 F.3d
7  1093, 1096 (9th Cir. 2009) (citation omitted) (claim is not ripe if it "rests upon contingent
8  future events that may not occur," because "if the contingent events do not occur, the plaintiff
9  likely will not have suffered an injury that is concrete and particularized enough to establish"
10 constitutional standing). There being no "case or controversy", we lack jurisdiction to
11 consider count six.

**X**

13 Finally, we address plaintiff's claims in count seven of fraud, intentional
14 misrepresentation, and breach of contract for failure to follow ¶ 22 of the Deed of Trust.
15 First, plaintiff argues that Nationstar falsely represented in its 2010 letter that U.S. Bank had
16 the right to non-judicially foreclose. In Arizona, to prevail on a fraud claim a plaintiff must
17 show

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

21 Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982). Plaintiff
22 has not stated a plausible fraud or intentional misrepresentation claim. She has not alleged
23 that she relied on the statement or that she was injured as a result.
24 Next, plaintiff's claim that the 2010 Nationstar letter failed to notify her of her right
25 to bring an action to challenge acceleration and sale as required by ¶ 22 of the Deed of Trust
26 is contradicted by the letter itself, which states "you have the right to 'cure' or reinstate the
27 loan after acceleration and the right to assert in the foreclosure proceeding the non-existence
28 of a default or any other defense you may have to acceleration and sale." Compl., ex. G.

- 7 -

1  Thus, plaintiff has not stated a plausible claim for breach of contract.

**XI**

3 Defendants argue that plaintiff's counsel refused to dismiss the action despite learning that plaintiff's loan has been transferred. They ask us to impose a sanction of attorneys' fees and costs under 28 U.S.C. § 1927 equal to the costs they incurred in preparing their reply to the motion to dismiss. An attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be ordered to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court must find that counsel acted either recklessly or in bad faith to impose this sanction. United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983).

This is not a case for § 1927 sanctions. It was U.S. Bank, not plaintiff's counsel, that transferred plaintiff's loan while this litigation was pending. And it was plaintiff, not U.S. Bank, who notified the court of the transfer. Indeed, the letter sent by CPCA Trust I advises that the loan was transferred effective February 28, 2012. Defendants filed their motion to dismiss on March 13, 2012, yet made no mention of the sale in their motion. Finally, we note that defendants are not required by the local rules to file a reply in support of their motion to dismiss. See LRCiv 7.2(d) (moving party may file a reply memorandum "if that party so desires"). That defendants chose to do so does not mean that plaintiff's counsel multiplied these proceedings unreasonably by raising the issue of the loan transfer, nor does it show that plaintiff's counsel acted either recklessly or in bad faith. To the contrary, Rule 25(c), Fed. R. Civ. P. permits an action to continue against the original party despite a transfer of interest. Defendants' request for sanctions is wholly without merit and is denied.

**XII**

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 20). Count six is dismissed without prejudice for lack of jurisdiction. All other counts are dismissed with prejudice. **IT IS ORDERED DENYING** defendants' request for sanctions.

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for an order requiring

- 8 -

1  defendants to divulge or clarify on grounds of mootness (doc. 25).

2  The Clerk shall enter judgment.

3  DATED this 16th day of May, 2012.

Frederick J. Martone
United States District Judge